UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-220-CCB-SJF |
| CALENDAR and McMULLEN, | |
| Defendants. | |

OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a complaint alleging he was injured by being held in cuffs for two and a half hours. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fields alleges he was arrested and cuffed on October 25, 2024, by Sheriff Deputy J. Chambers. He alleges the cuffs were "super tight" and he asked Deputy Chambers "why they were tight," but does not mention what (if any) response he got. The complaint gives no indication the cuffs were causing any immediate injury or that Fields told Deputy Chambers he was in pain.

Deputy Chambers drove Fields to the Grant County Jail where Fields asked Corporal Calendar, Deputy Chambers, Officer McMullen, Officer Jackson, and Officer Johnson if they were going to remove the cuffs. Officer McMullen told him "No" because he was going to the hospital at 10:18 pm for a blood test. The complaint gives no indication the cuffs had caused any injury at that time or that Fields told these officers they were too tight or causing any pain.

Fields was then placed in a holding cell by Corporal Calendar, Officer McMullen, Officer Jackson, and Officer Johnson. While in the cell, his "wrist began to severely hurt" and he asked Officer McMullen "could you please take these cuffs off." Officer McMullen told him they were waiting on a warrant. The complaint does not specifically allege that Fields told Officer McMullen that the cuffs were causing him severe pain, but because the cuffs had been on for a long time and the complaint says they were causing severe pain, it is plausible to infer that he told Officer McMullen about the pain.

At about 11:15 pm, Fields alleges he asked Corporal Calendar to take the cuffs off, but does not mention what (if any) response he got. The complaint does not specifically allege that Fields told Corporal Calendar the cuffs were causing him severe pain, but again, this is a plausible inference.

Fields alleges these five officers used excessive force against him. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Here, only Deputy Chambers is alleged to have used force when he

2

applied the cuffs. Though Fields alleges he asked why the cuffs were so tight, with nothing more than that one question, no reasonable fact finder could conclude that Deputy Chambers was not acting reasonably when he cuffed Fields and transported him to the jail.

Fields alleges Corporal Calendar, Officer McMullen, Officer Jackson, and Officer Johnson failed to intervene to stop the excessive use of force. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Here, none of these four officers are alleged to have been present when Deputy Chambers cuffed Fields. The complaint does not state a claim for failure to intervene, but it does state a conditions of confinement claim against two of the officers.

Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). To state a claim, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant

3

intended to commit the physical act that caused the alleged injury." *Id*. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

This complaint plausibly alleges Officer McMullen and Corporal Calendar knew Fields had been wearing the cuffs for an extended length of time, that he was confined in a holding cell, and that the cuffs were causing him severe pain. Based on these allegations, their refusal to remove or adjust the cuffs appears excessive in relation to the legitimate governmental purpose of restraining him. Fields will be granted leave to proceed against Officer McMullen and Corporal Calendar on this Fourteenth Amendment claim.

Fields also sues Sheriff Garcia, Chief Jay Kay, Captain Jason Camery, Lt. Persinger, and Lt. Jones. He alleges he wrote to them later and they did not adequately respond or investigate his complaints about being left in tight cuffs on October 25, 2024. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555

4

F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Jail "officials who reject [or fail to respond to] prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

Fields is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) **GRANTS** Eberaia D. Fields leave to proceed against Officer McMullen and Corporal Calendar in their individual capacities for compensatory and punitive damages for leaving him in tight cuffs for hours which caused him severe pain while he was in a holding cell at the Grant County Jail on October 25, 2024, in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Garcia, Jay Kay, Jason Camery, J. Chambers, Jackson, Johnson, Persinger, and Jones;

(4) **DIRECTS** the clerk to sign and seal summons for Officer McMullen and Corporal Calendar and send them to Eberaia D Fields; and

(5) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer McMullen and Corporal Calendar to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 21, 2025.

                                                /s/*Cristal C. Brisco*
                                                CRISTAL C. BRISCO, JUDGE
                                                UNITED STATES DISTRICT COURT