UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>CALENDAR, et al.,<br><br>Defendants. | CAUSE NO. 1:25-CV-220-SJF |

**OPINION AND ORDER**

Both the plaintiff Eberaia D. Fields, a prisoner without a lawyer, and the defendants consented, under 28 U.S.C. § 636(c), to Magistrate Judge Scott J. Frankel conducting all proceedings in this case. ECF 32. Fields now files a motion asking that Judge Frankel be removed from this case. ECF 57.

Because there is some uncertainty[1] in the Seventh Circuit whether a magistrate judge may rule on a motion to vacate a magistrate referral, the court finds that it is best for the district judge to rule on this motion. *See* Federal Rule of Civil Procedure 73(b)(3) ("[o]n its own for good cause––or when a party shows extraordinary circumstances–– the district judge may vacate a referral to a magistrate judge . . .."); and 28 U.S.C.A. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under

[1] *Brown v. Peters*, 940 F.3d 932, 936 (7th Cir. 2019) ("There is some question whether the magistrate judge is authorized to rule on a motion to withdraw consent or if only a district court judge may do so." (citing *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (accepting the magistrate judge's decision not to vacate consent without any discussion of this issue), and *Branch v. Umphenour*, 936 F.3d 994, 1002 (9th Cir. 2019) (holding that only the district judge may vacate a reference to a magistrate judge)).

extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.”).

Fields has not shown extraordinary circumstances to vacate the referral to Judge Frankel. He states that he feels “as though [the opposing counsel] has an advantage . . . due to the Magistrate Judge, and also presents unfairness because of the Magistrate Judge.” ECF 57 at 1. He believes that Judge Frankel does not understand him and is not holding him to less stringent standards applicable to litigants representing themselves. He is worried that Judge Frankel will grant the defendants’ motion for summary judgment over his objection. Finally, Fields contends he should be allowed to conduct additional discovery. *Id.* at 1–2. These are not extraordinary reasons. Fields’s claims are largely subjective and do not demonstrate a verifiable need to vacate the referral. All litigants have some anxiety about possible rulings or the outcome of the case. It is common for parties to wish for a different judge, especially if there are setbacks to their expectations. Yet, as the Seventh Circuit observed in *Allen v. Wine*, 297 F. App’x 524, 529 (7th Cir. 2008), “§ 636(c)(4) is rarely used,” and this case is no exception. “Once a party has consented to proceed before the magistrate judge pursuant to section 636(c), both the magistrate judge and the other parties may rely on that consent in making their preparations for trial.” § 3071.3 Consensual Civil Proceedings Before Magistrate Judge–Vacation of the Reference to a Magistrate Judge, 12 Fed. Prac. & Proc. Civ. § 3071.3 (3d ed.) (citing *Hatcher v. Consol. City of Indianapolis*, 323 F.3d 513 (7th Cir. 2003)). Such is the case here.

For these reasons, the court **DENIES** Fields's motion to remove Magistrate Judge Frankel from this case (ECF 57).

SO ORDERED on November 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT